*1091 N.R. SMITH, Circuit Judge,
dissenting:
Colleagues, even if you don’t like circuit precedent, you must follow it. Afterwards, you call the case en banc. You cannot create your own contrary precedent.[1]
This case is nothing more than Cumbie II. Because the majority ignores our precedent in Cimbie v. Woody Woo, Inc. (“Cumbie”), 596 F.3d 577 (9th Cir.2010), I begin by describing it in some detail. I will then compare Cumbie to this case.
In Cumbie, a waitress working at an Oregon restaurant sued the restaurant, alleging that its tip-pooling arrangement violated 29 U.S.C. § 203(m). Id. at 579.
[The restaurant] paid its servers a cash wage at or exceeding Oregon’s minimum wage, which at the time was $2.10 more than the federal minimum wage. In addition to this cash wage, the servers received a portion of their daily tips. [The restaurant] required its servers to contribute their tips to a “tip pool” that was redistributed to all restaurant employees. The largest portion of the tip pool (between 55% and 70%) went to kitchen staff (e.g., dishwashers and cooks), who are not customarily tipped in the restaurant industry. The remainder (between 30% and 45%) was .returned to the servers in proportion. to their hours worked.
Id. at 578-79 (footnotes omitted). The district court dismissed the waitress’s complaint, for failure to state a claim, and she timely appealed. Id. at 579.
On appeal, the waitress argued the restaurant’s tip-pooling arrangement was invalid, because it included employees who were not “customarily and regularly tipped employees” under section 203(m). Id The restaurant argued that this interpretation of section-203(m) was correct only “vis-a-vis employers who take a ‘tip credit’ toward their minimum-wage obligation,” and that, because the restaurant had not taken a tip credit, it had not violated section 203(m). Id.
We affirmed the district court, relying on the precedent established by the Supreme Court in Williams v. Jacksonville Terminal Co., 315 U.S. 386, 62 S.Ct. 659, 86 L.Ed. 914 (1942). Cumbie, 596 F.3d at 579. In Williams, the Supreme Court held that “[i]n businesses where tipping is customary, the tips, in the absence of an explicit contrary understanding, belong to the recipient. Where, however, [such] an arrangement is made ..., in the absence of statutory interference, no reason is perceived for its invalidity.” Williams, 315 U.S. at 397, 62 S.Ct. 659 (internal citations omitted). Thus, “Williams established] the default rule-that an arrangement to turn over or ,to redistribute tips is presumptively valid.” Cumbie, 596 F.3d at 579.
• We also held, as a matter of first impression, that, section 203(m) did not interfere with the default rule articulated in Williams. Id. at 580-81.. Employers (who do not take a tip credit) remain free to contract with their tipped employees to redistribute tips among all employees, including those who are - not customarily tipped. Cumbie, 596 F.3d at 579-81. We reasoned that section 203(m) did not impose statutory interference, because the plain text of section 203(m) had only imposed a condition on employers who take a tip credit, rather than a blanket requirement on all employers regardless of *1092 whether they take a tip credit. Cumbie, 596 F.3d at 581. As we concluded, “[a] statute that provides that a person must do X in order to achieve Y does not mandate that a person must do X, period.” Id. We continued:
If Congress wanted to articulate a general principle that tips are the property of the employee [when the employer does not take a tip credit], it could have done so without reference to the tip credit. “It is our duty to give effect, if possible, to every clause and word of a statute.” United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955) (internal quotation marks omitted). Therefore, we decline to read [section 203(m) ] in such a way as to render its reference to the tip credit, as well as its conditional language and structure, superfluous.
Id. Because the restaurant in Cumbie did not take a tip credit, there was no basis for concluding that the restaurant’s tip-pooling arrangement violated section 203(m). Id.
Lastly, we addressed the waitress’s argument that the restaurant was functionally taking a tip credit by using a tip-pooling arrangement to subsidize the wages of its non-tipped employees. Id. at 582. We said, even if this were the case, this “de facto” tip credit was not “so absurd or glaringly unjust as to warrant a departure from the plain language of the statute.” Id. (quoting Ingalls Shipbuilding, Inc. v. Dir., Office of Workers’ Comp. Programs, 519 U.S. 248, 261, 117 S.Ct. 796, 136 L.Ed.2d 736 (1997)). We recognized that “[t]he -purpose of the [Fair Labor Standards Act (“FLSA”) ] is to protect workers from ‘substandard wages and oppressive working hours,’” and concluded that the restaurant’s tip-pooling arrangement did not thwart that purpose. Id. (quoting Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)). Thus, because “[t]he Supreme Court has made it clear that an employment practice does not violate the FLSA unless the FLSA prohibits it,” we rejected the waitress’s argument and concluded that the FLSA does not restrict employee tip-pooling arrangements when the employer does not take a tip credit. Id. at 583.
We now decide a case identical to Cum-bie. Once again, an Oregon restaurant (named aptly enough “Oregon Restaurant”) is defending its practice of pooling the tips of its tipped employees and redistributing those tips among all of its employees, including those who are not customarily tipped. Exactly like Cumbie, the restaurant is paying all of its employees above minimum wage and has not taken a tip credit. Again, its tipped employees are challenging that practice—not under a new theory, but under the same theory advanced in Cumbie. Again, they argue that section 203(m) prohibits the redistribution of tips.[2] Because we are obligated to follow precedent, this case should have ended with a memorandum disposition.
Instead, the majority ignores our circuit precedent and pretends this case is different, because this time the Department of Labor (“DOL”) has promulgated a new rule interpreting section 203(m) differently than we interpreted it in Cumbie. However, the DOL’s promulgation of this new rule changes nothing. As the majority notes, if Congress’s intent behind a statute *1093 is clear, that is the end of our inquiry. We need not defer to an agency’s interpretation of-this statute. Maj. Op. at 1085-86; Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).
No one disputes that the courts can determine whether a statute is clear. In fact, the Supreme Court has held that a prior judicial construction of a statute “trumps an agency construction otherwise entitled to Chevron deference” when “the prior court decision holds that its construction follows from the-unambiguous terms of the statute and thus leaves no room for agency discretion.” See Nat’l Cable & Telecomms. Ass’n v. Brand X Internet Servs. (“Brand X”), 545 U.S. 967, 982, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005). The majority wants to dodge the Brand X bullet by saying Cumbie did not determine that the meaning of section 203(m) is clear and unambiguous, but instead only determined that “nothing in the text purports to restrict” the practice of redistributing tips, thereby leaving room for agency interpretation. Maj. Op. at 1086-87, 1088-89 (quoting Cumbie, 596 F.3d at 583). This interpretation of Cumbie has .no merit. Any rational reading, of Cumbie unequivocally demonstrates that we determined the meaning of section 203(m) is clear and unambiguous, leaving no room for agency interpretation. We explicitly concluded that section 203(m) is “clear” or “plain” multiple times-not only in the footnotes to the opinion, but also in the text of the opinion itself. Cumbie, 596 F.3d at 579 n. 6, 580-81, 581 n. 11. Moreover, because the language of the statute was clear and unambiguous, we expressly concluded there was no need to refer to the legislative history. Id at 581 n. 11. If there were any remaining question concerning the plain language of the statute, we clearly stated that any alternate reading would render its language and structure superfluous. Id. at 581. Indeed, there has not been penned a stronger application of the Brand X standard than the majority encounters in Cumbie. If Cumbie did anything at all, it held that the meaning of section 203(m) was clear and unambiguous.[3]
The majority next tries to dodge Cum-bie by suggesting section 203(m) is silent as to whether the DOL can regulate tip pooling arrangements of employers who do not take'a tip-credit. Cumbie addressed this “statutory silence” argument squarely: according to the plain text of the statute, section 203(m) only applies to employers who do take a tip credit (because they are not paying the minimum wage), and therefore does not apply to employers who do not take a tip credit. Nowhere in its text, either explicitly or implicitly, does section 203(m) impose a blanket tipping requirement on all.employers. We explained, “[a] statute that provides that a person must do X in.order to achieve Y does not mandate that a person must do X, period.” Cumbie, 596 F.3d at 581. There is no contrived ambiguity to address in section 203(m), Contrary to the majority opinion, Christensen has no validity here. Maj. Op. at 1086—87; see Christensen v. Harris Cty., 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000).[4]
*1094 Even if Christensen were relevant; the majority’s interpretation of Christensen turns Chevron on its head. Instead of requiring that administrative rulemaking be rooted in a congressional delegation of authority, the majority claims that, where a statute is “silent,” administrative regulation is not prohibited. In other words, the majority suggests an agency may regulate wherever that statute does not forbid it to regulate. This suggestion has no validity. The Supreme Court has made clear that it is only in the ambiguous “interstices” within the statute where silence Warrants administrative interpretation, not the vast void of silence on. either, side of it. Util. Air Regulatory Grp. v. E.P.A., — U.S. —, 134 S.Ct. 2427, 2445, 189 L.Ed.2d 372 (2014) (“Agencies exercise. discretion only in the interstices created by statutory silence or ambiguity....”). If it were otherwise, within each statute granting administrative authority, Congress would need to erect walls, making it clear that the agency is limited to regulating only that which the statute expressly addresses, or implies within those parameters/ As the district court below correctly noted, “[t]o express its intention that certain activities be left free from regulation, Congress need not lace the United States Code with the phrase, You shall not pass!’ ” Oregon Rest. & Lodging v. Solis, 948 F.Supp.2d 1217, 1225-26 (D.Cir.2013). Thus, because section 203(m) is “silent” to regulation over employers'who do not take a tip credit, any such regulation falls outside of the scope of the statute and the DOL has no power to regulate there. See City of Arlington v. F.C.C., — U.S. —, 133 S.Ct. 1863, 1868, — L.Ed.2d — (2013) (“No matter how it is framed, the question a court faces when confronted with an agency’s interpretation-of a statute it administers is always, simply, whether the agency has stayed within the bounds of its statutory authority.”).
It is curious why the majority seizes on the DOL’s newly promulgated rule as the basis for its decision.- The argument the DOL makes now was the same argument made in Cumbie,[5] However in Cumbie, the waitress ultimately “recogniz[ed] that section 203(m) [was] of no assistance” in prohibiting employers (who do not take a tip credit) from pooling their employees’ tips and “disavowed reliance on it in her reply brief and at oral argument” in favor of an alternative, albeit equally meritless argument. Cumbie, 596 F.3d at 581. Now, after losing in Cumbie, _ the DOL has decided to go through the backdoor by promulgating a new rule codifying its argument in Cumbie and its preferred interpretation of section 203(m).
Chevron deference does not work that way. The DOL is not a legislative body unto itself, but instead must carry out Congress’s intent. Chevron, 467 U.S. at 842-43, 104 S.Ct. 2778. To the extent Congress’s intent is unclear with regard to á particular statute, the DOL may engage in statutory interpretation and issue rules. Id. But that circumstance is not presented here. Instead, we explicitly and unequivocally found section 203(m) clear and unambiguous. Congress’s intent was clear on *1095 this matter. Regardless,of how much the DOL dislikes the interpretation, it must follow it. See Brand X, 545 U.S. at 982, 125 S.Ct. 2688. The DOL is not free, to manufacture an ambiguity, which circuit precedent mandates is not there.
CONCLUSION
There are two cases before us. In the first case, the Oregon Restaurant and Lodging Association sued the DOL, challenging the validity of its néwly promulgated rule and seeking to enjoin its enforcement. In the second case, a group of casino dealers sued their employer, Wynn Las Vegas, LLC, challenging its tip pooling practice as a violation of the DOL’s new rule. In both of these cases, the employer paid its employees above minimum wage and did not take a tip credit. In both cases, the district court ruled in favor of the employer, relying in, large measure on our decision in Cumbie.
Our course is clear in both cases. Williams is still good law; the Supreme Court has done nothing to overturn or alter it. See Williams, 315 U.S. at 397, 62 S.Ct. 659. Thus, the rule remains that tips belong to the tipped employee unless otherwise agreed between the employee and the employer. Here, such agreements existed between the employers and their respective employees. These tip. redistribution agreements are presumptively valid and compliant with our circuit’s law. Thus, in each case, we ought to be affirming the district court. To do otherwise is to ignore circuit precedent and disregard stare decisis, as the majority does here.
I respectfully dissent.

. As a three-judge panel of this circuit, we are bound by prior panel opinions and can only reexamine them when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority.” Miller v. Gam-mie, 335 F.3d 889, 893 (9th Cir.2003) (en banc). Here, our circuit precedent is. clear and. there has been no intervening- higher authority. Therefore, we .are bound to follow precedent.

. Technically, rather than waiting to be sued by its tipped employees, Oregon Restaurant is instead suing the Department of Labor in response to its newly promulgated rule reinterpreting section 203(m). Nonetheless, in Cesarz v. Wynn Las Vegas (the other case in this appeal), involving a casino instead of a restaurant, the tipped casino dealers are indeed suing the casino just as the waitress in Cumbie sued the restaurant. Thus, the facts and procedural posture in both cases remain functionally identical to those in Cumbie.

. The majority counters that "[wjhat was ‘clear’ in Cumbie was that the FLSA’s tip credit provision did not impose any. ‘statutory interference’ that would invalidate tip pooling when no tip credit is taken.” Maj. Op. at 1088, n. 4. Read Cumbie; the majority is wrong. Instead, we explicitly held in Cumbie that section 203(m) does not apply to employers who do not take a tip credit, and that any alternate reading would render its language and structure superfluous. Cumbie, 596 F.3d at 581.

. The majority states “the dissent overlook[s] the part of Christensen that discussed Chevron deference and Judge Souter’s concurrence.” Maj. Op. at 1088.
*1094 Again, the majority is wrong. In Christensen, the Supreme Court allowed the DOL to enact ’ further regulation over compensatory time because the DOL had been given the express authority to do so. Christensen, 529 U.S. at 580-81, 120 S.Ct. 1655. However, under section 203(m), the DOL has.only been given authority to regulate the tips of employers who take a tip credit. The DOL has not been given authority to regulate the tips of employers who pay their employees a minimum wage and do not take a tip credit. Therefore, unlike Christensen, there was no statutory silence permitting the DOL further regulation of this issue.

. The DOL supported the waitress’s appeal in Cumbie by filing an amicus brief.